

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNELL M. HOLMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0228** |
| **CHARLES C. FOTI, JR. ET AL.** | **SECTION "S" (5)** |

### REPORT AND RECOMMENDATION

The plaintiff Johnell Holmes, a prisoner at the Phelps Correctional Center in DeQuincy, Louisiana filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Charles C. Foti, Jr., Criminal Sheriff of Orleans Parish and an unidentified deputy at the Orleans Parish Prison (hereinafter "OPP"). The plaintiff alleges that, upon his transfer from OPP to a facility of the Louisiana Department of Corrections (hereinafter "DOC"), he was informed that the sum of $1064.24 on deposit in his inmate trust account at OPP would be transferred to his account with the DOC in three to five days. However, after more than 30 days, the money had not been transferred. The plaintiff seeks monetary damages.

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen all prisoner complaints against governmental entities, officers and employees, and dismiss those which are frivolous, malicious, fail to state a claim for which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In addition, an *in forma pauperis* complaint must be dismissed on the same grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(i) - (iii) (1999); *Moore v. McDonald*, 30 F.3d 616,

DATE OF ENTRY FEB 16 2000

DATE OF MAILING FEB 16 2000

620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d)).[1]

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Neitzke v. Williams*, 490 U.S. 319, 327-29, 109 S. Ct. 1827, 1833-34 (1989). In the present case, the plaintiff's claims, under the broadest reading[2], should be dismissed as frivolous.

It is well-settled that the Constitution is not implicated by the random and unauthorized act of an official causing loss of property, whether negligent or intentional, provided that an adequate post-deprivation remedy exists. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984); *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995) (holding that negligent or intentional act does not violate procedural due process rights if state provides adequate post-deprivation remedy) (citing *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels*, 474 U.S. at 327 (1986)). In the present case, the plaintiff's allegation that money has been lost or stolen from his inmate account amounts to a claim for fraud, conversion or negligence under Louisiana law, but does not state a claim for a

---

[1] Section 1915(d) was amended in 1996 by Pub. L. No. 104-134, 110 Stat. 1321. The former section now appears at 28 U.S.C. § 1915(e). The amendment did not change the standard permitting dismissal of frivolous *in forma pauperis* complaints.

[2] The court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

2

constitutional violation. *See Hudson*, 468 U.S. at 533-34. The plaintiff has an adequate remedy in state court for the defendants' allegedly tortious actions. *See Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). This claim is not cognizable under section 1983 and should therefore be dismissed as frivolous.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _15_ day of _February_, 2000.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE